**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LOVELIE MARCEL, )
             Petitioner, )
                         )
                         )
       v. )           Civil A. No. 3:26-757
                         )           Judge Nora Barry Fischer
WARDEN, CAMBRIA COUNTY PRISON,)
            Respondents. )

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Petitioner Lovelie Marcel's Petition for Writ of Habeas Corpus, (Docket No. 1), Brief in Support, (Docket No. 2), the Respondents' Opposition to Petition for Writ of Habeas Corpus, (Docket No. 10), Petitioner's Reply, (Docket No. 16), and her Notice of Supplemental Authority, (Docket No. 17). Petitioner, a 32-year-old native of Haiti, is currently detained at Cambria County Prison. (Docket No. 1). She was paroled into the United States at Brownsville, Texas on December 2, 2022, with an authorization to remain until December 2, 2023. (Docket No. 10-2 at 2). Petitioner has been living in the interior of the United States with her family since her initial entry and was working at a meat packing plant in Clinton County, Pennsylvania. (*Id.*). She was charged with food stamp fraud in state court and on January 7, 2025, that case was resolved with an ARD disposition and an order for her to pay restitution. (Docket Nos. 10-2; 16).

As to her immigration proceedings, Petitioner filed an application for temporary protected status on January 31, 2025 which remains pending. (Docket No. 10-2). On March 28, 2025, Petitioner was arrested by immigration agents at the Clinton County Probation Office where she was reporting to her supervising probation officer as required for the food stamp fraud case and she was placed in removal proceedings as an arriving alien who was not in possession of a valid

unexpired immigrant visa, reentry permit, border crossing card or other valid entry document. (Docket Nos. 16 at 2-3; 10-2).  She had a removal hearing before an IJ on September 16, 2025 at which time she was ordered removed from the United States and her claims for asylum and withholding of removal were denied.  (Docket No. 10-3).  Petitioner filed an appeal to the Board of Immigration Appeals and her appeal remains pending.  (Docket Nos. 1; 10; 16).  She has been detained without a bond hearing throughout her removal proceedings.

Petitioner asserts that she is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing.  (Docket Nos. 1; 16; 17).  In opposition, Respondents contend that this is an "Arriving Aliens" case whereby Petitioner entered the United States at a Port of Entry, applied for admission, was paroled into the United States and was later arrested in the interior of the United States. (Docket No. 10 at 5).  Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and do not claim that she is subject to detention due to the local criminal charge under the Laken Riley Act.  (*Id*.).  Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits.  (Docket No. 10).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the

---

[1]     *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]     *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr.*

Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and she has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 10th day of June, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count I;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent she requests additional relief beyond an individualized bond hearing in the remaining counts; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

---

& Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

3       *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

- 4 -

cc/ecf: counsel of record

cc:      LOVELIE MARCEL
        A# 246-134-802
        CAMBRIA COUNTY PRISON
        425 Manor Drive
        Ebensburg, PA 15931 (via first class mail)